IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| EARL M. ANDREWS | : | CIVIL ACTION |
|---|---|---|
| v. | : | |
| HEATHER SIAS, et al. | : | NO. 12-6515 |

MEMORANDUM

GOLDBERG, J.                                                      NOVEMBER 27th, 2012

    Plaintiff Earl M. Andrews brings this pro se civil rights action against Judge Chris R. Wogan, Vince Regan, Barry Harris, and Heather Sias. He seeks to proceed in forma pauperis. For the following reasons, the Court will grant plaintiff leave to proceed in forma pauperis and dismiss his complaint.

I.    FACTS[1]

    Plaintiff's claims are based on events that occurred in the course of criminal proceedings that were brought against him in the Philadelphia Court of Common Pleas. On May 8, 2009, plaintiff pled guilty to certain charges in those proceedings. Judge Chris R. Wogan, who presided over the criminal cases, sentenced plaintiff and ordered that he turn himself in on June 8, 2009. When plaintiff failed to appear on that date, Judge Wogan held a hearing and resentenced plaintiff even though neither plaintiff nor his attorney were present. The Judge held another hearing on June 16, 2009 without plaintiff or his attorney, during which he held plaintiff in contempt of court and

---

[1] The facts are taken from the complaint and the attachments to the complaint.

1

sentenced him to an additional three to six months of imprisonment. Vince Regan, the Assistant District Attorney, was present at both hearings.

Plaintiff alleges that the court reporter, Barry Harris, and possibly the Judge, altered the transcripts of the hearings. He contends that, although he pled guilty on May 8, 2009, Harris fraudulently changed the date of the transcript to June 8, 2009. Harris also allegedly failed to transcribe the proceedings on June 8, 2009. Plaintiff further alleges that Judge Wogan and/or Harris added the name of plaintiff's attorney to the transcript from the June 16, 2009 hearing to make it appear as though the attorney was present when, in fact, she was not.

Plaintiff subsequently acquired new counsel, Heather Sias. According to plaintiff, Sias refused to raise issues on appeal that plaintiff wanted to present to the state appellate court.[2]

Based on the above allegations, Plaintiff asserts due process claims pursuant to 42 U.S.C. § 1983 against Judge Wogan, Regan, and Harris, as well as fraud claims against Judge Wogan and Harris. He also raises legal malpractice claims against Sias. Plaintiff seeks unspecified compensatory damages, punitive damages, and filing fees, and also requests an attorney.

---

[2] Reference to publicly available dockets reflects that Sias represented plaintiff in connection with post-conviction proceedings.

## II. STANDARD OF REVIEW

The Court grants plaintiff leave to proceed in forma pauperis because he has satisfied the criteria set forth in 28 U.S.C. § 1915. Accordingly, 28 U.S.C. § 1915(e)(2)(B) applies. That provision requires the Court to dismiss the complaint if it is frivolous or malicious, fails to state a claim, or seeks monetary relief from a defendant who is immune.

Whether a complaint fails to state a claim under § 1915(e) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), see Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted). The Court may also consider matters of public record. Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006). As plaintiff is proceeding pro se, the Court must construe his allegations liberally. Higgs v. Att'y Gen., 655 F.3d 333, 339 (3d Cir. 2011). Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

## III. DISCUSSION

### A. Federal Claims

A plaintiff in a § 1983 action may not "recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a

3

conviction or sentence invalid, . . . [unless he] prove[s] that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (footnote and citation omitted). Here, plaintiff seeks damages for alleged due process violations that occurred in connection with his state criminal proceeding. A conclusion that plaintiff was sentenced without due process because he was not present or adequately represented, or that his due process rights were otherwise violated in connection with his state criminal proceedings would necessarily imply the invalidity of his convictions and sentence. See Tedford v. Hepting, 990 F.2d 745, 749-50 (3d Cir. 1993) (due process claim for damages against court reporters, among others, for allegedly tampering with transcript was not cognizable in a § 1983 action "absent a successful challenge to the underlying conviction"). However, nothing in the complaint suggests that plaintiff's convictions or sentence have been reversed or otherwise invalidated, and a review of publicly available state court dockets confirms that they remain intact.[3] Accordingly, plaintiff's constitutional claims must be dismissed.

In any event, plaintiff's claims fail for other reasons.

---

[3]The docket numbers for plaintiff's criminal cases are CP-51-CR-0013512-2007, CP-51-CR-0013521-2007, CP-51-CR-0013522-2007, and CP-51-CR-0013554-2007.

4

Assistant District Attorney Regan is entitled to prosecutorial immunity because he is being sued for acts he took in his capacity as a prosecutor that are "intimately associated with the judicial phase of the criminal process." Imbler v. Pactman, 424 U.S. 409, 430 (1976). Likewise, absolute judicial immunity prevents plaintiff from bringing claims against Judge Wogan based on acts he took in his judicial capacity, such as holding hearings. See Gallas v. Supreme Court of Pa., 211 F.3d 760, 768 (3d Cir. 2000) ("The Supreme Court long has recognized that judges are immune from suit under section 1983 for monetary damages arising from their judicial acts."). Furthermore, plaintiff has not adequately pled a due process claim based on the alleged alteration of the transcripts, as nothing in the complaint suggests that he was prejudiced by those errors. See Tedford, 990 F.2d at 747 (explaining that a criminal defendant's "constitutional rights would be violated only if inaccuracies in the transcript adversely affected the outcome of the criminal proceeding").

B. **State Law Claims**

To the extent that plaintiff is raising state law claims, it is unclear whether diversity jurisdiction exists over those claims.[4] Diversity jurisdiction requires diversity of citizenship

---

[4]As the Court has dismissed plaintiff's federal claims, there is no basis for exercising supplemental jurisdiction over any state law claims. See 28 U.S.C. § 1367(c)(3); Hedges v. Musco, 204 F.3d 109, 123 (3d Cir. 2000) ("[W]here the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the

5

among the parties and that the amount in controversy exceed $75,000. See 28 U.S.C. § 1332(a); Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 419 (3d Cir. 2010) ("Complete diversity requires that[] . . . no plaintiff be a citizen of the same state as any defendant."). An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. See Washington v. Hovensa LLC, 652 F.3d 340, 344 (3d Cir. 2011). A prisoner is presumed to be a citizen of the state where he was domiciled prior to his imprisonment unless he intends to remain in the state of his incarceration upon release. See Hall v. Curran, 599 F.3d 70, 72 (1st Cir. 2010) (per curiam); see also Pierro v. Kugel, 386 F. App'x 308, 309 (3d Cir. 2010). Although the complaint indicates that plaintiff is incarcerated in Pennsylvania, it does not reflect his citizenship or the citizenship of the defendants. Furthermore, the amount in controversy is not clear from the complaint because plaintiff did not state the amount of damages that he seeks.

## IV. CONCLUSION

For the foregoing reasons, plaintiff's complaint is dismissed.[5] Plaintiff's § 1983 claims are dismissed with

---

pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so.") (quotations omitted).

[5]As the Court has concluded that there is currently no merit to plaintiff's claims, the request for counsel contained in his complaint is denied without prejudice. See Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993) (in determining whether to grant

6

prejudice because he cannot cure the deficiencies in those claims. However, plaintiff will be given an opportunity to file an amended complaint as to his state claims in the event that he can cure the jurisdictional deficiency noted above. An appropriate order follows.

---

counsel, "the district court must consider as a threshold matter the merits of the plaintiff's claim").