IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EARL M. ANDREWS | : | CIVIL ACTION |
| v. | : | |
| HEATHER SIAS, et al. | : | NO. 12-6515 |

### MEMORANDUM

GOLDBERG, J.                                       DECEMBER 20, 2012

Currently before the Court are plaintiff Earl M. Andrews's motion for reconsideration and his pro se amended complaint. For the following reasons, the Court will deny the motion for reconsideration and dismiss plaintiff's amended complaint.

### I. BACKGROUND

Plaintiff's claims are based on events that occurred in the course of criminal proceedings that were brought against him in the Philadelphia Court of Common Pleas. He sued (1) Judge Chris R. Wogan, who presided over those proceedings; (2) Vince Regan, a prosecutor who represented the Commonwealth in connection with the proceedings; (3) Barry Harris, a court reporter; and (4) Heather Sias, an attorney who represented plaintiff at some point during the proceedings. Plaintiff asserted constitutional claims pursuant to 42 U.S.C. § 1983, primarily based on his allegations that the judge held a hearing when neither plaintiff nor his attorney were present, and that the court reporter and/or judge fraudulently altered certain transcripts.

In a November 27, 2012 memorandum and order, the Court dismissed with prejudice plaintiff's constitutional claims

1

because they were not cognizable in a § 1983 action in light of Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). Alternatively, the Court concluded that Judge Wogan was entitled to absolute judicial immunity and that Regan was entitled to absolute prosecutorial immunity. The Court also concluded that plaintiff failed to state a due process claim based on the alteration of the transcripts.

In addition to his constitutional claims, plaintiff appeared to be bringing state law claims, in particular, a legal malpractice claim against Sias.[1] The Court concluded that jurisdiction was lacking over any state law claims, but allowed plaintiff to file an amended complaint in the event he could cure the jurisdictional deficiency. Plaintiff subsequently filed an amended complaint and a motion for reconsideration of the Court's November 27, 2012 order to the extent it dismissed the claims against Judge Wogan and Regan based on principles of immunity.

## II. MOTION FOR RECONSIDERATION

A party seeking reconsideration must establish "(1) an intervening change in the controlling law; (2) the availability

---

[1] Plaintiff did not appear to be bringing any constitutional claims against Sias. In any event, nothing in the complaint suggested that Sias could be considered a state actor for purposes of § 1983. See Polk Cnty. v. Dodson, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.") (footnote omitted); Angelico v. Lehigh Valley Hosp., Inc., 184 F.3d 268, 277 (3d Cir. 1999) ("Attorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court.").

2

of new evidence that was not available [at the time of the Court's prior ruling]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). In other words, "a motion for reconsideration addresses only factual and legal matters that the Court may have overlooked." Glendon Energy Co. v. Borough of Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993) (quotations and alterations omitted). "It is improper on a motion for reconsideration to ask the Court to rethink what it had already thought through — rightly or wrongly." Id. (quotations and alterations omitted).

Nothing in plaintiff's motion establishes that he is entitled to reconsideration. Plaintiff's constitutional claims would still be barred by Heck even if Judge Wogan and Regan were not entitled to immunity. In any event, the Court did not err in its immunity analysis.[2]

Plaintiff contends that Regan is not entitled to prosecutorial immunity because he continued the criminal

---

[2]Plaintiff argues that Judge Wogan and Regan are not entitled to immunity because, if they were, he would not have been granted leave to proceed in forma pauperis. Plaintiff misunderstands how § 1915 works. Whether a plaintiff may proceed in forma pauperis is based solely on his financial status, and has nothing to do with the merit of his complaint. Deutsch v. United States, 67 F.3d 1080, 1084 n.5 (3d Cir. 1995); Sinwell v. Shapp, 536 F.2d 15, 19 (3d Cir. 1976). It is only after a plaintiff is given leave to proceed in forma pauperis that the Court screens the complaint under § 1915(e)(2)(B) for a determination as to whether it is frivolous or malicious, fails to state a claim, or seeks monetary relief from a defendant who is immune.

3

proceedings against plaintiff when plaintiff was not present, which constituted a "clear" violation of plaintiff's constitutional rights. (Document No. 5, ¶ 5.) For policy reasons, the doctrine of prosecutorial immunity shields prosecutors from liability for "activities [that are] intimately associated with the judicial phase of the criminal process," including actions taken by the prosecutor in the course of pursuing a prosecution, even if those actions are ultimately incorrect or unconstitutional.[3] See Imbler v. Pactman, 424 U.S. 409, 430 (1976); Broam v. Bogan, 320 F.3d 1023, 1029 (9th Cir. 2003) ("If the action was part of the judicial process, the prosecutor is entitled to the protection of absolute immunity whether or not he or she violated the civil plaintiff's constitutional rights."). As Regan is being sued for acts he took as the Commonwealth's advocate in judicial proceedings, the Court correctly determined that he is entitled to immunity.

Plaintiff next contends that the Court erred in concluding that Judge Wogan was entitled to absolute judicial immunity because the Judge acted in clear absence of all jurisdiction. As a Judge on the Court of Common Pleas, Judge Wogan clearly had jurisdiction over plaintiff's criminal proceeding. See 42 Pa. Cons. Stat. § 931. Furthermore, "where a court has some subject

---

[3]As no prosecutor has authority to violate a criminal defendant's constitutional rights, prosecutorial immunity would provide no protection to prosecutors if a plaintiff could pursue a § 1983 action simply by alleging that the prosecutor committed a constitutional violation in the course of prosecuting him.

4

matter jurisdiction, there is sufficient jurisdiction for immunity purposes." Figueroa v. Blackburn, 208 F.3d 435, 443-44 (3d Cir. 2000) (quotations omitted). Accordingly, plaintiff is not entitled to reconsideration on this issue.

### III. AMENDED COMPLAINT

As plaintiff has been granted leave to proceed in forma pauperis, the Court is obligated to screen his amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), to determine whether it is frivolous or malicious, fails to state a claim, or seeks monetary relief from a defendant who is immune. Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Plaintiff's amended complaint is really more of a supplement to his initial complaint. The amended complaint relies solely on the allegations of the initial complaint, but adds a specific request for damages in excess of $75,000.[4] Plaintiff's amendment still does not establish that diversity jurisdiction exists over his state law claims because he has not pled the citizenship of any of the parties, including himself - a defect pointed out to him in the Court's November 27, 2012 order. Accordingly, the amended complaint will be dismissed for lack of jurisdiction.[5]

---

[4] To the extent plaintiff sought to resurrect his § 1983 claims, those claims remain dismissed for the reasons stated in the Court's November 27, 2012 memorandum.

[5] In any event, Judge Wogan would be entitled to immunity from plaintiff's claims under state law. See Langella v.

5

## IV. CONCLUSION

For the foregoing reasons, plaintiff's motion for reconsideration is denied and his amended complaint is dismissed. Plaintiff will not be given another opportunity to amend his complaint. An appropriate order follows.

---

Cercone, 34 A.3d 835, 838 (Pa. Super. Ct. 2011) ("[J]udges are absolutely immune from liability for damages when performing judicial acts, even if their actions are in error or performed with malice . . . .") (quotations omitted and alteration in original). The same is true for Regan, to the extent that plaintiff intended to bring any state law claims against him. See Durham v. McElynn, 772 A.2d 68, 69-70 (Pa. 2001) (holding that assistant district attorneys are entitled to absolute immunity from liability for actions taken in their official capacity).